IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

Eric Blanton                                                    Civil Action No.

          Plaintiff

v.

Covington Credit of Texas, Inc.;

And

Arrow Ford, Inc.                                               JURY TRIAL DEMANDED


          Defendants

## CIVIL ACTION

1. This is an action for actual, statutory, and punitive damages, costs, and attorney's fees pursuant to 15 U.S.C. §1681 et seq. (Fair Credit Reporting Act).

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is conferred by 15 U.S.C. §1681(p) and 28 U.S.C. §1331.

3. Venue in this District is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to the claim occurred here since Plaintiff resides in the Northern District of Texas and their damages occurred here.

## PARTIES

4. Plaintiff is a natural person and a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

5. Defendant, Covington Credit of Texas, Inc., (hereinafter, Covington Credit) is a Foreign for-profit company registered to do business in Texas and with a registered agent in

1

Texas. Defendant is a "furnisher" of information, as defined by 15 U.S.C §1681s(a)&(b), who regularly and in the ordinary course of business furnishes credit information to one or more consumer reporting agencies about consumer transactions. Covington Credit is a financial institution actively conducting business in Texas.

6. Defendant, Arrow Ford, Inc., (hereinafter, Arrow Ford) is a Foreign for-profit company registered to do business in Texas and with a registered agent in Texas. Defendant is a "furnisher" of information, as defined by 15 U.S.C §1681s(a)&(b), who regularly and in the ordinary course of business furnishes credit information to one or more consumer reporting agencies about consumer transactions. Based on information and belief, Arrow Ford is seller of Ford vehicles and a financial institution actively conducting business in Texas.

## FACTUAL ALLEGATIONS

7. Plaintiff incorporates by reference all the foregoing paragraphs as though the same were set forth at length herein.

8. Defendant, Covington Credit, is reporting Plaintiff's Covington Credit account numbers 25321**** on Plaintiff's Trans Union and Equifax credit reports.

9. Plaintiff's debt with Covington Credit arose from personal loans. Covington Credit closed the accounts on or about 02/28/2017 and 10/24/2016, after the accounts were closed with a zero balance. Plaintiff's payment obligations to Covington Credit ceased.

10. The trade line was updated to reflect a $0 balance when the accounts were closed on 02/28/2017 and 10/24/2016.

11. According to Plaintiff's Trans Union credit report dated 02/12/2019, Plaintiff's Covington Credit accounts were closed with a $0 balance on or about 02/28/2017 and 10/24/2016. Despite the Covington Credit accounts being closed with a $0 balance, Covington

Credit continued to report an erroneous pay status of "Account 60 Days Past Due" for the above-listed account that closed on 02/28/2017 and "Account 30 Days Past Due" for the above-listed account that closed on 10/24/2016, on Plaintiff's Trans Union report dated 02/12/2019. It is both impossible and incorrect for accounts that were closed with a "0" balance to still be reporting as 60 Days Past Due and 30 Days Past Due as of 02/12/2019. Not only are the Covington Credit accounts false on the face of the credit report, but this reporting is misleading because it makes it look as if Plaintiff is still late on these accounts that were previously closed with zero balances. In addition to being inaccurate, this reporting misleads the credit scoring algorithms used by the lending industry and thus lowers credit scores and further damages Plaintiff's creditworthiness and credit reputation.

12. According to Plaintiff's Equifax credit report dated 1/23/2019, Plaintiff's Covington Credit accounts were closed with a $0 balance on or about 02/2017 and 10/2016. Despite the Covington Credit accounts being closed with a $0 balance, Covington Credit continued to report an erroneous pay status of "60-89 Days Past Due" for the above-listed account that was closed on 02/2017 and "30-59 Days Past Due" for the above-listed account that was closed on 10/2016, on Plaintiff's Equifax report dated 01/23/2019. It is impossible and incorrect for accounts that were closed with a "0" balance to still be reporting as 60-89 Days Past Due and 30-59 Days Past Due as of 01/23/2019. Not only are the Covington Credit accounts false on the face of the credit report, but this reporting is extremely misleading because it makes it look like the Plaintiff is still late on these accounts that were closed with a zero balance. In addition to being inaccurate, this reporting misleads the credit scoring algorithms used by the lending industry and thus lowers credit scores and further damages Plaintiff's creditworthiness and credit reputation.

13. Defendant, Arrow Ford, is reporting Plaintiff's Arrow Ford account # 716** on Plaintiff's Tans Union credit report.

14. Plaintiff's debt with Arrow Ford arose from an auto loan. Arrow Ford closed the account on 04/02/2015, after the account was closed with a zero balance. Plaintiff's payment obligations to Arrow Ford ceased.

15. The trade line was updated to reflect a $0 balance when the account was closed on 04/02/2015.

16. According to Plaintiff's Trans Union credit report dated 02/12/2019, Plaintiff's Arrow Ford account was closed with a $0 balance on or about 04/02/2015. Despite the Arrow Ford account being closed with a $0 balance on or around 04/02/2015, Arrow Ford continued to report an erroneous pay status of "Account 120 Days Past Due" for the above listed account on Plaintiff's Trans Union report dated 02/12/2019. It is both impossible and incorrect for an account that is closed with a "0" balance to still be reporting as 120 Days Past Due as of 02/12/2019. Not only is the Arrow Ford account false on the face of the credit report but this reporting is misleading because it makes it look as if Plaintiff is still late on this account that was previously closed with a zero balance. In addition to being inaccurate, this reporting misleads the credit scoring algorithms used by the lending industry and thus lowers credit scores and further damages Plaintiff's creditworthiness and credit reputation.

17. The pay status is a significant data field that represents the current condition of the accounts. The data field works independently of the other data fields in the reporting tradeline and is critical in maintaining accurate reporting. The accounts are inaccurately reporting that Plaintiff is currently "60 Days Past Due", "30 Days Past Due", "120 Days Past Due", "30-59 Days Past Due" or "60-89 Days Past Due" on accounts that have a $0 balance. Plaintiff's

financial obligations that were once due to Covington Credit and Arrow Ford have ceased. At the time that the accounts were closed, the accounts should have been reported with a "Pay Status" data field showing "closed". Instead of reporting the account as currently "60 Days Past Due", "30 Days Past Due", "120 Days Past Due", "30-59 Days Past Due" or "60-89 Days Past Due" the correct reporting would have reported the pay status as "closed". Reporting the accounts as currently "60 Days Past Due", "30 Days Past Due", "120 Days Past Due", "30-59 Days Past Due" or "60-89 Days Past Due" appears as if the accounts are a very recent delinquency, which they are not. Recent delinquencies are more damaging than older delinquencies because they are weighed heavier in determining credit scores. Because the "pay status" acts independently from the other information, the inaccurate reporting of "60 Days Past Due", "30 Days Past Due", "120 Days Past Due", "30-59 Days Past Due" or "60-89 Days Past Due" is reporting as if Plaintiff is currently late on payments to Covington Credit and Arrow Ford even if those late payments are $0. Listing debts with a $0 balance owed as past due is nonsensical. If no balance is owed, the consumer cannot be late paying the balance, and the pay status must report as "closed". By continuing to report a balance, however, lenders believe that the consumer is currently late, which negatively reflects on consumers' credit repayment history, their financial responsibility as a debtor, and their credit worthiness/reputation.

18.     The computer algorithms used by the lending industry to determine a consumer's credit worthiness will misinterpret the status of Plaintiff's Covington Credit and Arrow Ford accounts as reported by Trans Union and Equifax to be current past due obligations, thus negatively affecting Plaintiff's credit worthiness.

19.     Plaintiff will provide expert testimony at the appropriate time to demonstrate the negative effects of reporting a historical pay status in the current pay status data field.

5

20. Plaintiff disputed the inaccurate late pay status on their Covington Credit and Arrow Ford accounts through a dispute letter sent to Trans Union and Equifax.

21. Covington Credit did not provide a good faith investigation and failed to modify/correct, delete or block the disputed pay status of the Covington Credit accounts.

22. Arrow Ford did not provide a good faith investigation and failed to modify/correct, delete or block the disputed pay status of the Arrow Ford account.

23. Based upon information and belief, Trans Union and Equifax received Plaintiff's disputes and transmitted the disputes to Covington Credit and Arrow Ford, triggering the investigations duties for Defendants; however, defendants failed. Had Defendants conducted a proper investigation, they would have discovered that the reporting of a late pay status for a $0 balance account is nonsensical and wrong.

24. Covington Credit and Arrow Ford continue to report a pay status indicating that the debt is currently late.

## COUNT I
## COVINGTON CREDIT'S VIOLATION OF 15 U.S.C. § 1681s-2(b) OF THE FAIR CREDIT REPORTING ACT

25. Plaintiff repeats, realleges, and reasserts the allegations contained in the paragraphs above and incorporates them as if specifically set forth at length herein.

26. At all times pertinent hereto, Covington Credit was a "person" as that term is used and defined under 15 U.S.C. § 1681a.

27. Covington Credit willfully and negligently supplied Trans Union and Equifax with information about Plaintiff that was false, misleading, and inaccurate.

28. Covington Credit willfully and negligently failed to conduct a reasonable investigation of the inaccurate pay status information that Plaintiff disputed. Had Covington Credit conducted a reasonable investigation, it would have recognized that the reporting of a late pay status on accounts with a $0 balance is nonsensical and wrong.

29. Covington Credit did not provide a good faith and reasonable investigation into the disputed current pay status on the accounts they reported to Trans Union and Equifax. Covington Credit's investigation was unreasonable and lacking because it failed to lead Covington Credit to correct the inaccurate pay status that they were reporting to Trans Union and Equifax regarding Plaintiff. A reasonable investigation would have led Defendant to discover that they should not be reporting the accounts to Trans Union and Equifax with a late pay status. If the accounts had been reasonably and properly investigated, it would have no longer been reported as a current past due obligation and would have had much less of an impact on Plaintiff's credit worthiness. Instead, the Covington Credit accounts are being reported as current past due obligations monthly, which is inaccurate.

30. Covington Credit willfully and negligently failed to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

31. As a direct and proximate cause of Covington Credit failure to perform its duties under the FCRA, Plaintiff has suffered actual and compensatory damages, mental anguish, humiliation, embarrassment, and injury to credit worthiness.

32. Covington Credit's conduct, action, and inaction was willful, rendering it liable for actual and statutory damages and punitive damages in an amount to be determined by the jury pursuant to 15 U.S.C. § 1681n. In addition to willful, Plaintiff also alleges that Covington Credit

was negligent, which entitles Plaintiff to recover actual and compensatory damages under 15 U.S.C. § 1681o.

## COUNT II
## ARROW FORD'S VIOLATION OF 15 U.S.C. § 1681s-2(b) OF THE FAIR CREDIT REPORTING ACT

33. Plaintiff repeats, realleges, and reasserts the allegations contained in the paragraphs above and incorporates them as if specifically set forth at length herein.

34. At all times pertinent hereto, Arrow Ford was a "person" as that term is used and defined under 15 U.S.C. § 1681a.

35. Arrow Ford willfully and negligently supplied Trans Union with information about Plaintiff that was false, misleading, and inaccurate.

36. Arrow Ford willfully and negligently failed to conduct a reasonable investigation of the inaccurate pay status information that Plaintiff disputed. Had Arrow Ford conducted a reasonable investigation, it would have recognized that the reporting of a late pay status on an account with a $0 balance is nonsensical and wrong.

37. Arrow Ford did not provide a good faith and reasonable investigation into the disputed current pay status on the account they reported to Trans Union. Arrow Ford's investigation was unreasonable and lacking because it failed to lead Arrow Ford to correct the inaccurate pay status that they were reporting to Trans Union regarding Plaintiff. A reasonable investigation would have led Defendant to discover that they should not be reporting the account to Trans Union with a late pay status. If the account had been reasonably and properly investigated, it would have no longer been reported as a current past due obligation and would have had much less of an impact on Plaintiff's credit worthiness. Instead, the Arrow Ford account is being reported as a current past due obligation monthly, which is inaccurate.

38. Arrow Ford willfully and negligently failed to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

39. As a direct and proximate cause of Arrow Ford failure to perform its duties under the FCRA, Plaintiff has suffered actual and compensatory damages, mental anguish, humiliation, embarrassment, and injury to credit worthiness.

40. Arrow Ford's conduct, action, and inaction was willful, rendering it liable for actual and statutory damages and punitive damages in an amount to be determined by the jury pursuant to 15 U.S.C. § 1681n. In addition to willful, Plaintiff also alleges that Arrow Ford was negligent, which entitles Plaintiff to recover actual and compensatory damages under 15 U.S.C. § 1681o.

41. The Covington Credit and Arrow Ford accounts that were reported on Plaintiff's Trans Union and Equifax credit reports have been viewed by third parties all to the detriment and loss of the Plaintiff.

42. Plaintiff has suffered actual harm due to the reporting of the negative tradeline provided by Covington Credit and Arrow Ford on Plaintiff's Trans Union and Equifax reports even though Plaintiff put them on notice of the inaccurate negative reporting through Plaintiff's dispute letters.

43. At all times pertinent hereto, Defendants were acting by and through its agents, servants, and/or employees who were acting within the course and scope of its agency or employment, and under the direct supervision and control of Defendants herein.

44. At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor against Defendants based on the following requested relief:

a. Actual and compensatory damages pursuant to 15 U.S.C. §1681;

b. Statutory damages pursuant to 15 U.S.C. §1681;

c. Punitive damages pursuant to 15 U.S.C. §1681;

d. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1681n, §1681o; and

e. Such other and further relief as may be necessary, just and proper.

Dated: January 23, 2021

Respectfully Submitted,

/s/Dennis McCarty
Dennis McCarty
ATTORNEY FOR PLAINTIFF
Mississippi Bar No. 102733
Supreme Court of the United States Bar No. 302174
Federal Bar No. 993800
2931 Ridge Rd.
Suite 101 #504
Rockwall, TX 75032
Telephone: 817-704-3375
Fax (817) 887-5069
dennismccartylaw@gmail.com