IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ERIC BLANTON,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:21-CV-152-L** |
| | § | |
| **ARROW FORD, INC.,** | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court are Plaintiff Eric Blanton's Motion for Default Judgment (Doc. 14), filed May 20, 2021; and Defendant Arrow Ford, Inc.'s Motion to Set Aside Clerk's Default and Motion for Leave to Answer (Doc. 17), filed June 15, 2021.  After careful consideration of the motions, responses, replies, appendices, evidence, and applicable law, the court **denies** Plaintiff Eric Blanton's Motion for Default Judgment (Doc. 14); **grants** Defendant Arrow Ford, Inc.'s Motion to Set Aside Clerk's [Entry of] Default (Doc. 17); and **grants** Defendant Arrow Ford, Inc.'s Motion for Leave to [File] Answer (Doc. 17).

The court stated in its Order (Doc. 25), filed March 31, 2022, that it would issue an opinion setting forth the reasons for its decision.  Unfortunately, because of its extremely busy criminal and civil dockets, which involved the disposition of several mega-cases, the court was not able to issue its decision as early as promised.

## I.    Procedural and Factual Background

On January 23, 2021, Eric Blanton ("Plaintiff" or "Mr. Blanton") filed this action pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*  He initially sued Covington Credit of Texas, Inc. ("Covington") and Arrow Ford, Inc. ("Arrow Ford").  On April 4, 2021, the court

ordered (Doc. 12) Covington and Mr. Blanton to arbitrate the issues between them, and dismissed the action with prejudice as to Mr. Blanton and Covington.  At the time the court issued this order, Arrow Ford was named as a party, but it had not made an appearance in this action.

Plaintiff contends that Arrow Ford willingly and negligently provided or supplied TransUnion, a consumer and credit reporting agency, with false, misleading, and inaccurate information about him; failed to conduct a reasonable investigation that would have shown that his pay status was not "late" as reported to TransUnion; and that had Arrow Ford conducted a good faith and reasonable investigation it would not have reported his account as "past due."  In a nutshell, Mr. Blanton contends that if the allegedly erroneous and misleading information had not been reported to TransUnion as a "current past due obligation," his creditworthiness would not have adversely been affected.  Because of Arrow Ford's allegedly willful and negligent acts, Plaintiff contends that he is entitled to statutory and punitive damages.

Arrow Ford was served with Plaintiff's Complaint and Summons in this action on February 1, 2021.  It was, therefore, required to answer or otherwise respond on February 22, 2021, twenty-one days after service of the Summons and Complaint.  *See* Fed. R. Civ. P. 12.  Arrow Ford did not answer or otherwise respond to the Complaint as required.  The clerk of court entered a default against Arrow Ford on May 20, 2021.

## II.  Discussion

### A.  Service of the Summons and Complaint

A party is entitled to entry of a default by the clerk of the court if the opposing party fails to plead or otherwise defend as required by law.  Fed. R. Civ. P. 55(a).  Under Rule 55(a), a default must be entered before the court may enter a default judgment.  *Id.*; *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).  As previously noted, the clerk of court has entered a

default against Arrow Ford.  The court also determines that, based upon the information in the record, Arrow Ford is not a minor, incompetent person, or member of the United States military.

Arrow Ford, by failing to answer or otherwise respond to Plaintiff's Complaint, has admitted the allegations of the Complaint, if they are well-pleaded, and is precluded from contesting the established facts on appeal.  *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (citations omitted). Stated differently, a "defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Wooten v. McDonald Transit Assocs., Inc*., 788 F.3d 490, 496 (5th Cir. 2015) (citation omitted). Accordingly, a defendant may not contest the "sufficiency of the evidence" on appeal but "is entitled to contest the sufficiency of the Complaint and its allegations to support the judgment." *Id.*

Because of Arrow Ford's failure to answer or otherwise respond to Plaintiff's Complaint, Mr. Blanton filed his Request for Clerk's Entry of Default Against Arrow Ford, Inc. (Doc. 13) on May 20, 2021.  The clerk of court entered a default against Arrow Ford (Doc. 15) on the same date.  Based on the state of record, the clerk of court properly entered the default against Arrow Ford.  The entry of the default, however, is not the end of the story.  This is so because Arrow Ford has filed a motion to set aside the clerk's entry of default and another motion requesting the court to grant it leave to file an answer.

### B.  Motion to Set Aside Entry of Default

A court may set aside an entry of a default for good cause shown. Fed. R. Civ. P. 55(c); *Lacy v. Sitel Corp.*, 227 F.3d 290, 291-92 (citing Fed. R. Civ. P. 55(c)). In determining whether good cause is present to set aside a default, a court considers "whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is present." *Id.* at 292 (citation and quotation marks omitted). A court also considers whether the

defaulting party "acted expeditiously" to cure the default. *Id.* (citation omitted). If the court determines that a default is willful—that is, intentional failure to answer or otherwise respond —such "[w]illful failure alone may constitute sufficient cause for the court to deny [the] motion [to set aside default]." *Matter of Dierschke*, 975 F.2d 181, 184-85 (5th Cir. 1992). Default judgments are "generally disfavored in the law" and "should not be granted on the claim, without more, that the defendant ha[s] failed to meet a procedural time requirement." *Lacy v. Sitel Corp.*, 227 F.3d at 292 (quoting *Mason & Hanger-Silas Mason Co. v. Metal Trades Council*, 726 F.2d 166, 168 (5th Cir. 1984)). The Fifth Circuit has adopted a policy in favor of resolving cases on the merits and against the use of defaults and default judgments. *See Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999); *see also Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) ("Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by the courts in extreme situations [and] are available only when the adversary process has been halted because of an essentially unresponsive party.") (internal quotations and citations omitted). Further, the standard for setting aside a default and a default judgment is the same, but a motion to set aside a default "is more readily granted than a motion to set aside a default judgment." *Beitel v. OCA, Inc.*, 551 F.3d 359, 370 (5th Cir. 2008) (footnotes omitted).

On February 21, 2022, Plaintiff received a letter (Doc.14-1) from an unknown individual at Arrow Ford. His counsel was also copied on the letter. The letter stated the following:

> We are responding to your civil action that we received on 02/01/2021. We contacted TransUnion[,] and they said your account is reporting with a 0 balance and 0 past dues. The account number is 72335. They informed me that you or your attorney can call the consumer relations number and talk to them directly. We only report to TransUnion. If you have any other information, please feel free to contact us at 325-673-9500.

Doc. 14-1.  Mr. Blanton contends that the language in this letter shows that Arrow Ford's conduct was willful.  The court disagrees.

The content of the letter does not convince the court that Arrow Ford acted willfully.  In any event, the person responding to the Summons and Complaint thought he or she was responding to the "civil action" filed by Plaintiff.  Obviously, the person was not an attorney, as any attorney worth his or her weight in salt would, more likely than not, have taken steps to answer or otherwise respond to the Summons and Complaint, or send it to in-house counsel.  There is no question that the unnamed person was negligent, or perhaps even grossly negligent.  Whatever the form of negligence, it does not rise to the level of intent or willful conduct.  The letter shows ignorance and a lack of attention to detail on the writer's part.  Of course, the letter is not tantamount to an answer; however, it is not as if Arrow Ford intentionally disregarded the legal documents.  A close reading of the letter indicates that the writer believed that the matter with TransUnion had been resolved and informed Plaintiff that his attorney, Mr. Dennis McCarty, could call if he had any questions.

The court next addresses the issue of prejudice to Plaintiff if the entry of default is set aside.  Mr. Blanton contends that he has suffered additional damages since this action was filed because of the inaccurate reporting.  He mentions that his vehicle "stopped running"; that he was afraid to apply for new financing for fear of what a denial could have on his creditworthiness; and that he has been denied financing on multiple occasions because of the incorrect information.  The essence of his argument regarding prejudice is that he has suffered more damages, including emotional distress, since the filing of his lawsuit and will incur more damages because of delay.

Nothing has been presented to the court that Plaintiff will be prejudiced if the entry of default is set aside. There is no specific evidence that witnesses will be unavailable for trial or that evidence has been lost or destroyed that would cause Mr. Blanton to be unable to prosecute this action. Moreover, a Plaintiff incurs no prejudice when "the setting aside of a default has done no harm to [the] plaintiff except to require [him] to prove [his] case." *Lacy*, 227 F.3d at 293 citation omitted). Further, Mr. Blanton has not shown that the delay will cause "increased difficulties in discovery or greater opportunities for fraud and collusion." *Id.* (citation omitted). If Plaintiff is entitled to damages as he has alleged and he proves his case, he will be entitled to the damages the law allows. In other words, the delay that has resulted will not prevent Plaintiff from recovering his damages if he ultimately prevails on his own claims. If he fails to prove his claims, he fares none the worse, as he will have had a fair opportunity to prosecute his case.

With respect to a meritorious defense, what the court gleans from Defendant's motion to set aside is that it is not at fault for any damages that Mr. Blanton may have suffered. As the facts of this case are not fully developed, a jury could find that Arrow Ford is not at fault and prevails at trial. The court is reticent to foreclose Defendant from developing evidence of this factor.

On balance, all factors weigh in favor of good cause having been sufficiently established. For all of the reasons stated, the court will grant the motion to set aside the entry of default. In so holding, court by no means approves of Arrow Ford's conduct in this case, and its conduct is not cause for approbation; however, in light of the Fifth Circuit's strong precedent that defaults and default judgments are disfavored and cases should be tried on the merits, the court does not believe that a default is warranted.

### C.  Motions to Set Aside and for Leave to File Answer

As the court is denying the motion for default judgment, it makes no legal sense for it to deny these two motions, as both are inextricably intertwined with the motion for default judgment, which is being denied.  By denying the motion for default judgment, the court is saying that the lawsuit should move forward.  Accordingly, both of these motions will be granted.

## III.    Attorney's Fees and Costs

As the court has made clear, it does not approve of how Arrow Ford has handled its response to this action.  Although granting a default judgment is not warranted, the court determines that an award of attorney's fees and costs to Plaintiff is appropriate.  This is so because, had Defendant answered or otherwise timely responded to Plaintiff's Complaint, the time and effort expended by Plaintiff's counsel in moving for a default judgment and responding to the two motions filed by Arrow Ford would never have occurred.  The interests of justice require that Arrow Ford reimburse Plaintiff for attorney's fees and costs under these circumstances. Accordingly, the court will award Plaintiff reasonable attorney's fees and costs that arise from filing the motion for default and responding to the two motions filed by Arrow Ford.

## IV.    Conclusion

For reasons herein stated, the court **denies** Plaintiff Eric Blanton's Motion for Default Judgment (Doc. 14); **grants** Defendant Arrow Ford, Inc.'s Motion to Set Aside Clerk's [Entry of] Default (Doc. 17) and **sets aside** the clerk's Entry of Default; and **grants** Defendant Arrow Ford Inc.'s Motion for Leave to [File] Answer (Doc. 17).  Arrow Ford shall file its answer or otherwise respond by **January 2, 2023**.  Finally, the court **awards** Plaintiff Blanton his reasonable attorney's fees and costs for legal services performed by Mr. McCarty in addressing Defendant Arrow Ford

Inc.'s Motion to Set Aside Clerk's [Entry of] Default (Doc. 17) and Arrow Ford Inc.'s Motion for

Lave to [File] Answer (Doc. 17); and in filing Plaintiff's Motion for Default Judgment (Doc. 14).

**It is so ordered** this 23rd day of December, 2022.

Sam A. Lindsay
United States District Judge