\IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ERIC BLANTON, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. **3:21-CV-00152-L** |
| | § | |
| ARROW FORD, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant's Motion to Transfer Venue ("Motion") (Doc. 36), filed on April 14, 2023. After careful consideration of the Motion, briefs, record, and applicable law, the court **denies** Defendant's Motion.

**I.      Relevant Factual and Procedural Background**

Plaintiff Eric Blanton ("Plaintiff" or "Mr. Blanton") brought this action in the Dallas Division of the Northern District of Texas, contending that Defendant Arrow Ford, Inc. ("Defendant" or "Arrow") violated the Fair Credit Reporting Act ("FCRA") by inaccurately informing a credit reporting agency that he was past due on his account. Doc. 1 at 4-5, 8-9. Mr. Blanton contends that his account was closed with no history of overdue payments at the time Arrow made the report. *Id*. He alleges that this inaccurate credit reporting caused him actual and compensatory damages, mental anguish, humiliation, embarrassment, and injury to his credit worthiness. *Id*. at 9. In its Answer, Defendant denied any liability to Plaintiff and asserted several affirmative defenses. *See* Doc. 28.

Through the Motion, Defendant requests that the court transfer this action to the Abilene Division pursuant to 28 U.S.C. § 1404(a) because: (1) Defendant and its witnesses reside in Abilene; and (2) Abilene is the location of Defendant's alleged misconduct as its place of business

and headquarters are located there. Docs. 36 at 1-2. It further argues that its Abilene-based witnesses would not be subject to compulsory process in the Dallas Division. *Id* at 3. Defendant asserts that the Plaintiff's residence is the action's only connection with the Dallas Division, which—it concedes in its Reply brief—is located in Kaufman County, Texas. Doc. 39 at 1-2.

Plaintiff counters that he has shown that venue is proper under 28 U.S.C. § 1391, and a transfer pursuant to Section 1404(a) is not warranted because he filed in a division in which he and his witnesses reside. Doc. 38 at 6. Plaintiff alleges that his injuries occurred in Forney, Texas, when Defendant's inaccurate credit reporting prevented him from securing a mortgage on a custom house that he and his wife had built and, as a result of the inaccurate report, is now owned by a different family. Docs. 38 at 3; 14-2 at 2-4. Additionally, he asserts that this inaccuracy caused him significant difficulties in purchasing a vehicle, obtaining credit cards, and sustaining his marriage and mental health. *Id*. He further argues that a transfer to the Abilene Division would create substantial delay for the trial of this action, and Defendant and its witnesses are not so far away that they could not attend trial in Dallas. Doc. 38 at 5, 7.

## II.     Applicable Standard for a Section 1404(a) Transfer

With respect to Section 1404(a), "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Since the parties do not consent, a district court is to first determine "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*") (citing *In re Horseshoe Entm't*, 337 F.3d 429, 432 (5th Cir. 2003)). Once this initial determination is made, a district court:

> turn[s] to the language of § 1404(a), which speaks to the issue of "the convenience of parties and witnesses" and to the issue of "in the interest of justice." The determination of "convenience" turns on a number of private and public interest factors, none of which [is] given dispositive weight. The private concerns include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. The public concerns include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law.

*Id.* (citations omitted).

There is no question that the events giving rise to this lawsuit occurred in the Northern District of Texas, which encompasses the Abilene and Dallas Divisions, as well as five other divisions. *See* 28 U.S.C. § 124(a)(1)-(7). The court can confidently state that venue is appropriate in this *judicial district*, the Northern District of Texas. Given that the Dallas and Abilene Divisions have substantial connections to the claim (but for different reasons), venue can be properly laid on either one of these divisions. Hence, the parties' debate on the general elements undergirding 28 U.S.C. § 1391(b)(1)-(2) is trivial. *See Zurich Am. Ins. Co. v. Tejas Concrete & Materials Inc.*, 982 F. Supp. 2d 714, 722 (5th Cir. 2013) (stating that the substantiality requirement under 28 U.S.C. § 1391(b)(2) does not require that the selected venue be the *best* venue but rather one that has substantial connection to the claim). The Abilene Division is a *division* in which Plaintiff's action could have been brought originally. The question that must be resolved is whether an intradistrict transfer should occur from the Dallas Division to the Abilene Division.

Transfer of venue pursuant to 28 U.S.C. § 1404(a) is at the discretion of the court, considering "'[a]ll relevant factors to determine whether or not on balance the litigation would

**Memorandum Opinion and Order – Page 3**

more conveniently proceed and the interests of justice be better served by transfer to a different forum.'" *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) (quoting 15 C. WRIGHT, A. MILLER & E. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3847, at 370 (1986)). The moving party bears the burden of demonstrating that a change of venue is warranted. *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966).

A plaintiff's choice of forum is entitled to some deference. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) ("*Volkswagen II*"). Unless the moving party "demonstrate[s] that the transferee venue is clearly more convenient" and more favored by the balance of factors, the plaintiff's choice of forum "should be respected." *Id*. A court's consideration of the plaintiff's choice of forum, however, does not hold "inordinate weight" under the balance of factors. *Id*. at 314-15. A "[p]laintiff's choice of forum is clearly a factor to be considered but in and of itself is neither conclusive nor determinative." *In re Horseshoe Entm't*, 337 F.3d at 434. Having determined that this action could have been originally filed in the Abilene Division, the court now considers the eight factors to determine whether it should be transferred to that division.

**III.   Analysis**

The Motion relates to an intradistrict transfer—from the Dallas Division to the Abilene Division. The federal courthouses in Dallas and Abilene are approximately 180 miles away from each other. From the parties' arguments, the court reasonably infers that their potential witnesses and relevant documents are all located separately in these two Divisions. When there is a fair and reasonable distance between the cities, as is the distance between Dallas and Abilene, the convenience factor usually becomes important. As there is a reasonable distance between the Abilene and Dallas Divisions and the parties themselves, Defendant must establish that the Abilene Division is a clearly more convenient forum than the Dallas Division. After considering all eight

**Memorandum Opinion and Order – Page 4**

factors in *Volkswagen I*, the court determines that seven factors weigh against transfer, and one factor is neutral. Thus, the court determines that Defendant has failed to meet its burden in demonstrating that the Abilene Division is clearly more convenient than the Dallas Division.

   A.  *Private-Interest Factors*

      1.  <u>Relative Ease of Access to Sources of Proof</u>

The first private-interest factor is the parties' relative ease of access to sources of proof. Defendant asserts that this factor weighs strongly in favor of transfer since "all the documents pertaining to [Mr.] Blanton's account with Arrow" are in its possession in Abilene. Doc. 36 at 3. In Response, Plaintiff is vague and does not clearly state the quantity and type of documents that he has in his possession in Kaufman County. Doc. 38 at 4.

With recent developments in technology, "some sources of proof present a lesser inconvenience now than" in the past. *Volkswagen II*, 545 F.3d at 316 (cleaned up). This, however, does not mean that this factor is superfluous. *Id*. Defendant has not stated whether its documents are physical or digital, only that its documents are in Abilene. Defendant fails to describe how a trial in Abilene would be clearly more convenient for it to access its sources of proof. Instead of assuming the quantity, format, and portability of Defendant's documents, the court finds that Defendant has not shown that Abilene is the clearly more convenient forum for access to its sources of proof, and thus this factor weighs against transfer.

      2.  <u>Availability of Compulsory Process to Secure the Attendance of Witnesses</u>

The second factor is the availability of compulsory process to secure the attendance of witnesses. In the Motion, Defendant argues that this factor weighs in favor of transfer because not all of its Abilene-based witnesses would be subject to compulsory process in the Dallas Division. Doc. 36 at 3. Defendant appears to base its assertion on Federal Rule of Civil

Procedure 45(c)(1)(A), which provides that subpoenas may command persons to attend a trial, hearing, or deposition only when they are within 100 miles of the selected venue. Fed. R. Civ. P. 45(c)(1)(A). Since some of Defendant's witnesses reside outside the effective range of Rule 45(c)(1)(A) in the Dallas Division—as they are not within 100 miles of the Dallas Division— Defendant argues that a transfer to the Abilene Division is warranted.

> As an alternative to Rule 45(c)(1)(A)'s 100-mile limitation, parties may use a subpoena to**:**
>
>> command a person to attend a trial, hearing, or deposition . . . (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person is (i) a party or party's officer; or (ii) is commanded to attend a trial and would not incur substantial expense.

Fed. R. Civ. P. 45(c)(1). Although neither party identifies a specific witness, Defendant's purported Abilene-based witnesses may be compelled beyond 100 miles to the Dallas Division either under the circumstances provided by Rule 45(c)(1)(B) or conditions set by the court.

First, if any of Defendant's witnesses are its business officers, those witnesses may be compelled to the Dallas Division under Rule 45(c)(1)(B)(i) because they presumably reside within and are employed in Texas. Therefore, these witnesses may be compelled to either the Abilene or Dallas Divisions.

Second, if any of Defendant's Abilene-based witnesses are not also its officers, those witness may be compelled to the Dallas Division under Rule 45(c)(1)(B)(ii) as it is not so far from the Abilene Division that it would cause substantial expenses to travel between the two forums. In addition, the Dallas Division offers many affordable lodging options. Because Defendant's Abilene-based witnesses would not incur a substantial expense in traveling to the Dallas Division for the trial of this case, they may be compelled to the Dallas Division under Rule 45(c)(1)(B)(ii).

Third, in the unlikely event that any of Defendant's Abilene-based witnesses who are not officers would incur a substantial expense in being compelled to the Dallas Division, those witnesses may still be compelled if certain conditions, set by the court, are met by the Defendant. The notes in the 2013 Amendments to Rule 45 of the Federal Rules of Civil Procedure state that a court may condition the enforcement of a subpoena by having "the party that served the subpoena [] pay [the substantial] expense" incurred by a witness who is not within 100 miles of the selected forum. Fed. R. Civ. P. 45(c) Advisory Committee's Note to 2013 Amendment. Under the court's order, Defendant can pay the expenses of any of its witnesses who would incur a substantial expense if compelled to attend the trial in the Dallas Division. Thus, the court finds that Defendant has sufficient compulsory process method to secure its witnesses in the Dallas Division. Accordingly, as compulsory process will be available to all of Defendant's unidentified witnesses, the court finds that this factor weighs against transfer.

3. Cost of Attendance for Willing Witnesses

Under the third factor, the court must consider the cost of attendance for willing witnesses. Defendant argues that it is less expensive for its witnesses to attend the Abilene Division than in the Dallas Division. Doc. 36 at 4. In response, Plaintiff asserts that his witnesses live in the Dallas Division and thus will incur expense if forced to travel to attend trial in Abilene. Doc. 38 at 7.

Although neither party has identified any witnesses, Defendant has not shown that its unidentified willing witnesses will be clearly inconvenienced by the cost of attendance in the Dallas Division. The Abilene and Dallas Divisions offer similar lodging rates, and the transportation options and expenses are also similar. If the court were to transfer this action based on the slight expenses that Defendant's witnesses will incur by attending trial in the Dallas Division, these same expenses would then apply to the Plaintiff's witnesses. Because both parties'

witnesses will incur similar travel expenses in either forum, the court determines that the cost-of-attendance factor is neutral.

    4. Other Practical Problems

Fourth, the court must consider any other practical problems that make trial of a case easy, expeditious, and inexpensive. Although Defendant may incur expenses in paying for the attendance of its subpoenaed Abilene-based witnesses in the Abilene Division, the court finds this to be an unlikely problem. As the court addressed above, it is unlikely that Defendant's unidentified witnesses will incur a substantial travel and lodging expense if compelled to attend trial in the Dallas Division.

Further, two months before Defendant filed its Motion, the court entered a Scheduling Order setting the trial for early next year. Doc. 33 at 1. A transfer to the Abilene Division at this time would most likely create undue delay of the trial, and, given the age of this case, the court should not permit a delay in its resolution. Thus, the court finds that the fourth private-interest factor weighs strongly against transfer.

  B. *Public-Interest Factors*

    1. Administrative Difficulties Flowing from Court Congestion

The first public-interest factor is the administrative difficulties flowing from court congestion. Neither party has adequately briefed the court on how many cases are in the Abilene Division. Because the court has already scheduled the trial of this case in the Dallas Division, it cannot infer that the Abilene Division's pace to adjudicate the instant suit will be clearly more convenient for the parties. The court, accordingly, finds that this factor weighs against transfer.

### 2. Local Interest in Having Local Interests Decided at Home

The second factor considers the local interest in having local interests decided at home. Defendants asserts that this factor weighs in favor of transfer because the alleged misconduct principally derived from actions taken in the Abilene Division. Doc. 39 at 2. The court disagrees. Although Defendant's business and alleged misconduct are in the Abilene Division, Plaintiff asserts that he suffered significant injuries in the Dallas Division where he resides. As a result of Defendant's alleged misconduct, Plaintiff contends that he was unable to engage in major financial transactions in Kaufman County—like finalizing the purchase of his custom-built home—that generally affect local trade and commerce. Thus, the court finds that the Dallas Division has the greater interest in resolving these localized injuries and determines that the localized interest factor weighs against transfer to the Abilene Division.

### 3. Familiarity of the Forum with Governing Law

Third, the court must consider the familiarity of the forum with the law that will govern the case. Neither party disputes that this lawsuit involves federal law. As this case will remain in federal court, it will be presided over by a federal judge who would be familiar with the relevant law whether it is tried in the Dallas Division or Abilene Division. Accordingly, this factor weighs against transfer.

### 4. Avoidance of Unnecessary Problems of Conflicts of Law

Fourth, the court must consider the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. Here again, neither party disputes that this lawsuit is based on federal law and does not involve a conflict of law or foreign law. Accordingly, the court determines that this factor weighs against transfer to the Abilene Division.

In analyzing the required factors, the court determines that seven weigh against transfer to the Abilene Division, and one is neutral. Even if the court were to consider the Abilene Division to be a slightly more convenient forum, Defendant still fails to meet the "clearly more convenient" standard required. If Defendant and its witnesses are slightly inconvenienced by travel for a trial in Dallas, such inconvenience is not of the magnitude that justifies a transfer. The point is best exemplified by the following:

> This case is not being consigned to the wastelands of Siberia or some remote, distant area of the Continental United States. The minor inconvenience Exxon may suffer in having to litigate this case in Tyler—only 203 miles distant—rather than in Houston, can in no rational way support the notion of abuse of discretion.

*Jarvis Christian Coll v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir. 1988). If a distance of 203 miles is considered to be a "minor inconvenience," it makes little sense to find that requiring the parties and witnesses to travel 180 miles to Dallas for trial, rather than Abilene, is an abuse of this court's discretion. On balance, considering all of the *Volkswagen I* factors, the court determines that venue is appropriate in the Dallas Division.

### IV. Conclusion

For the reasons herein stated, Defendant has not established that the Abilene Division is clearly a more convenient forum than the Dallas Division. Defendant has, therefore, failed to demonstrate that a transfer from the Dallas Division to the Abilene Division is warranted under 28 U.S.C. § 1404(a). Accordingly, the court **denies** Defendant's Motion to Transfer Venue (Doc. 36).

**It is so ordered** this 3rd day of August, 2023.

Sam A. Lindsay
United States District Judge